O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BAKER, individually and as Executor IN RE ESTATE OF KATE BAKER, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS, INC.; AMERICAN EXPRESS FINANCIAL ADVISORS, INC.; et al., <br><br> Defendants. | Case No. CV 12-06572 12-00277 DDP (RZx) <br><br> **ORDER DENYING SECOND REQUEST FOR APPOINTMENT OF COUNSEL** <br><br> [Dkt. No. 8] |

Presently before the court is Plaintiff Robert Baker's Second Request for the Appointment of an Attorney on a Non Pro Bono Basis. Plaintiff indicates that he is not proceeding in forma pauperis and is able to pay for the services of an attorney, but that he has been unable to find an attorney willing to represent him, and is therefore being denied access to the federal courts.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." Plaintiff has indicated that he is "not requesting pro bono attorney services." (Second Request ¶ 2.) His request therefore is not a typical

request under § 1915. He explains that he has been unable to obtain counsel due not to an inability to pay but to conflicts of interest on the part of prospective counsel. Plaintiff points to numerous conflicts of interest apparently faced by attorneys he has contacted and to numerous conflicts he anticipates arising should he seek representation from other attorneys. He asserts that "[m]ost attorneys in this legal community have conflicts of interests with attorneys named as defendants." (Id. ¶ 19.)

The court notes, first, that it cannot compel an attorney to represent a client pro bono. Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296 (1989). It follows that the court cannot compel an attorney to represent a client for a fee.

Furthermore, the court cannot and should not require an attorney to undertake a representation in violation of the Rules of Professional Conduct for attorneys. Local Rule 83-3.1.2 requires that attorneys appearing before the court comply with the standards of professional conduct required by the State Bar of California, including rules regarding conflicts of interest. To the extent that an attorney does have a conflict of interest that prevents him or her from representing Plaintiff in this action, that attorney is under an ethical obligation to decline the representation.

This said, an attorney who is a member of the California Bar would not have a conflict of interest in this case solely because one of the defendants is the State Bar of California, and a Jewish attorney would not be obligated by law to decline a representation solely because one of the defendants is an Orthodox Jew, to take two examples of conflicts cited by Plaintiff. Rules of Professional Conduct 3-300 and 3-310 require that attorneys avoid

1 | interests adverse to a client and avoid the representation of
2 | adverse interests.  The relevant tests for determining when an
3 | attorney is barred from a representation are stringent and are in
4 | large part intended to protect client confidences. See e.g. People
5 | ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,
6 | 20 Cal. 4th 1135, 1138 (1999).  Mere membership in a large
7 | organization or mere religious affiliation would not ordinarily
8 | create a conflict of interest that on its own would bar an attorney
9 | from accepting a representation.
10 |      For these reasons, the court DENIES the request for
11 | appointment of an attorney.
12 |
13 | IT IS SO ORDERED.
14 |
15 |
16 | Dated: April 29, 2013
17 |                                       DEAN D. PREGERSON
                                          United States District Judge